UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SHENNIE FAYE WALLACE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:23CV46 |
| NORFOLK SOUTHERN RAILWAY COMPANY | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

## COMPLAINT – CIVIL ACTION

COMES NOW the Plaintiff, Shennie Faye Wallace, by counsel, and for her Complaint against the Defendant, Norfolk Southern Railway Company, alleges as follows:

1. This cause of action arises under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, as amended.

## PARTIES

2. Defendant Norfolk Southern Railway Company ("NS") is a railroad corporation organized and existing under the laws of the Commonwealth of Virginia, which has been duly authorized to conduct business in the Commonwealth of Virginia, and at all times relevant hereto, NS has been systematically conducting its business within the jurisdiction of this Court as a common carrier engaged in interstate commerce and intrastate.

3. Plaintiff Shennie Faye Wallace ("Plaintiff" or "Ms. Wallace"), resides in Dunlow, West Virginia and was, at all times relevant hereto, an employee of NS.

## JURISDICTION AND VENUE

4. Venue is proper, pursuant to 28 U.S.C. § 1391(b), because the acts and omissions giving rise to Plaintiff's claims occurred in the Western District of Virginia.

5. Assignment to the Abingdon Division of the Western District of Virginia is proper, pursuant to Western District of Virginia Local Rules 2(a)(1) and 2(b), because the acts and omissions giving rise to Plaintiff's claims occurred in the City of Grundy, Virginia.

## STATEMENT OF FACTS

6. On November 22, 2020, Ms. Wallace was employed by the defendant as a conductor on Train Number U54.

7. On that day, and in the course of her employment, Plaintiff exited the train at Norfolk Southern's Weller Yard to throw a switch, believed to be Switch Number 3.

8. The area where the switch lied was dark and the ground was littered with leaves.

9. On her way to the switch, Ms. Wallace stepped into a hole and fell.

10. Ms. Wallace sustained significant injuries.

11. NS knew (or should have known) that exposure to said working conditions would place Plaintiff at increased risk of injury.

## COUNT I
(*F.E.L.A. & Negligence against NS*)

12. Paragraphs 1 – 11 are hereby re-alleged and incorporated herein.

13. The FELA is remedial legislation enacted by the United States Congress in 1908 and liberally amended in 1939 to compensate railroad workers for personal injuries and occupational diseases suffered in the course of their employment.

14. Railroad workers covered under the Act are not eligible for state workers' compensation and FELA provides the sole remedy against their railroad employers for job-

related injuries and occupational diseases.

15. Under FELA, railroads such as the defendant may not delegate the duty to provide employees with a reasonably safe work place.

16. As part of its FELA duties, a railroad is obligated to know the nature and character of the equipment, materials and work practices used in its workplace, to warn employees of job related dangers known or reasonably foreseeable to the railroad, and to avoid exposing employees to hazardous conditions in the workplace.

17. Plaintiff's duties with NS, at all times relevant hereto, were "in furtherance of interstate commerce," as contemplated by FELA § 51.

18. At the time of the accident described herein, Plaintiff was working for NS "in interstate commerce," as contemplated by FELA § 51.

19. At the time of the accident described herein, Plaintiff's duties with NS, "directly and substantially affected" interstate commerce, as contemplated by FELA § 51.

20. Plaintiff's accident and injuries, as more fully described herein, give rise to a cause of action within the subject matter jurisdiction of the FELA.

21. The incident described in the preceding paragraphs was caused in part by the negligence and carelessness of NS, who, acting through its agents and employees:

    a. Failed to provide Plaintiff with a reasonably safe place to work;

    b. negligently and carelessly failed to inspect, monitor, and/or maintain the equipment and premises on which Plaintiff was assigned to work;

    c. negligently and carelessly failed to warn Plaintiff of foreseeable dangers;

    d. negligently and carelessly failed to promulgate and enforce appropriate rules, regulations, policies and procedures for the safe and

        proper performance of its work; and

    e.    was otherwise negligent through the acts and/or omissions of its agents, officers, employees, managers, supervisory personnel, and/or others.

22.    On November 22, 2020, NS failed to comply with the provisions of the FELA, 45 U.S.C. §§ 51-60, as amended.

23.    As a direct result of the aforesaid negligence and FELA violations by NS, acting through its agents and employees, Plaintiff was seriously injured.  She has suffered physical pain, discomfort, psychological and emotional injury, mental anguish, and these will or may continue in the future; she has incurred substantial expenses for treatment by physicians and related medical care, and in the future she will or may likely continue to incur such expenses in an effort to be cured and healed; she has missed time and lost earnings from her employment, and in the future she will or may continue to lose time and income, as well as other benefits from her employment; she has suffered a loss of earning capacity; and she has been unable to perform many of the usual personal affairs of a woman of her age and position in life and, in the future, she will or may continue to be unable to perform such affairs.

## Jury Demand

Plaintiff Shennie Faye Wallace hereby demands trial by jury.

## Prayer for Relief

Plaintiff, Shennie Faye Wallace, respectfully requests that she be awarded judgment against the Defendant in an amount to be determined by a jury, but asserted to be in excess of seventy-five thousand ($75,000.00), together with post-judgment interest and the costs of this proceeding, as well as such other and further relief as may be appropriate under the

circumstances of this case.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

                Respectfully Submitted,

                SHENNIE FAYE WALLACE


                /s/ John H. Coston IV
                John H. Coston IV
                VA Bar No. 83774
                THE MOODY LAW FIRM, INC.
                500 Crawford Street, Suite 200
                Portsmouth, VA 23704
                PH: (757) 393-4093
                FAX: (757) 397-7257
                Email:  jcoston@moodyrrlaw.com

                *Attorney for Plaintiff*